# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD L. MCCOY,<br><br>              Plaintiff,<br><br>     v.<br><br>UNITED STATES, *et al.*,<br><br>              Defendants. | Case No.  1:22-cv-00789-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* BE DENIED<br><br>(ECF No. 2)<br><br>**FOURTEEN (14) DAY DEADLINE** |

   Plaintiff Reginald L. McCoy, also known as Reggie L. McCoy, ("Plaintiff") is a federal prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983 and the Federal Tort Claims Act, 28 U.S.C. § 1346(b).  Plaintiff initiated this action on June 27, 2022, together with a motion to proceed *in forma pauperis*.  (ECF Nos. 1, 2.)  Plaintiff also filed a "Request to Excuse Failure to Exhaust Administrative Remedy," (ECF No. 3), which will be addressed by separate order following resolution of Plaintiff's motion to proceed *in forma pauperis*.

   Plaintiff is subject to 28 U.S.C. § 1915(g), which provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of

the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[1]  Plaintiff has previously been notified that he is subject to § 1915(g).[2]

The Court has reviewed Plaintiff's complaint and finds that his allegations do not satisfy the imminent danger exception to section 1915(g).[3]  *Andrews v. Cervantes*, 493 F.3d 1047, 1053−55 (9th Cir. 2007).  In the complaint, Plaintiff states since December 21, 2020, at USP Atwater, where Plaintiff is currently housed, COVID-19 outbreaks have spread throughout the general inmate population.  Plaintiff states that he is unable to practice social distancing from COVID-19 positive inmates and staff, and defendants that tested positive at the prison transmitted the virus to non-infected inmates and staff, spreading the COVID-19 pandemic into the USP Atwater prison population.  This exposed Plaintiff to the risk of contracting the COVID-19 virus, or death.  Plaintiff states that he has suffered headaches "due to inhaling toxic fumes from ventilation," coughing, sneezing, pain in muscles and throat, and difficulty breathing.  (ECF No. 1, p. 3.)  Plaintiff alleges, in a conclusory fashion and without identifying the actions or inactions of any individual defendant, that defendants were deliberately indifferent and failed to protect Plaintiff's health and safety, and Plaintiff now suffers "significant serious imminent irreparable harm present/future due to immediate danger of COVID-19."  (*Id.*)

"Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical."  *Blackman v. Mjening*, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4,

---

[1]  The Court takes judicial notice of the following United States District Court cases: (1) *McCoy v. United States of America*, Case No. 2:00-cv-01469-UA (C.D. Cal.) (dismissed on February 25, 2000 as frivolous); (2) *McCoy v. Adler*, Case No. 4:03-cv-00539 (S.D. Tex.) (dismissed on February 28, 2003 for failure to state a claim); (3) *McCoy v. Casterline*, Case No. 4:03-cv-04439 (S.D. Tex.) (dismissed on October 28, 2003 as malicious); (4) *McCoy v. Garcia*, Case No. 1:02-cv-02249-FAL-JDK (W.D. La.) (dismissed on November 13, 2003 as frivolous and for failure to state a claim); (5) *Johnson v. USA*, Case No. 1:03-cv-01779-DDD-JDK (W.D. La.) (dismissed on July 6, 2004 as frivolous and for failure to state a claim); (6) *McCoy v. Castro*, Case No. 8:08-cv-01978-JDW-TBM (M.D. Fla.) (dismissed on October 23, 2008 for failure to state a claim); (7) *McCoy v. Genzman*, Case No. 8:13-cv-00130-JSM-MAP (M.D. Fla.) (dismissed on January 18, 2013 for failure to state a claim).
   The Court also takes judicial notice of the following United States Court of Appeals case: *McCoy v. Casterline*, Case No. 03-21136 (5th Cir.) (dismissed on June 23, 2004 as frivolous).

[2] *See, e.g.*, *McCoy v. Fed. Bureau of Investigations*, Case No. 1:10-cv-01973-RLW (D.D.C. Jan. 31, 2011) (granting motion to vacate order granting plaintiff's application to proceed in forma pauperis and recognizing that plaintiff "has accumulated at least seven strikes")

[3] The Court expresses no opinion on the merits of Plaintiff's claims.

2016). To meet his burden under § 1915(g), Plaintiff must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). "[V]ague and utterly conclusory assertions" of imminent danger or insufficient. *White v. Colorado*, 157 F.3d 1226, 1231–32 (10th Cir. 1998).

The allegations in the complaint are vague and conclusory, and fail to link any of the named defendants to any particular alleged violation of Plaintiff's rights. Moreover, the allegations do not include any date for the alleged violations of Plaintiff's rights, stating only that COVID-19 outbreaks have spread throughout the inmate population at USP Atwater since December 21, 2020, more than a year and six months prior to the filing of the complaint. Thus, none of the allegations appear to present an *imminent* danger of serious physical injury at the time the complaint was filed. Finally, Plaintiff has not identified that he is at any particular risk of becoming infected by COVID-19 due to the actions or inactions of any defendant, nor has he alleged that he would face any particular risk from a COVID-19 infection than any other inmate.

To the extent Plaintiff argues that he faces imminent danger of serious physical injury related to the allegations set forth in his motion requesting an excuse for failure to exhaust administrative remedies, Plaintiff has failed to demonstrate that these allegations are related to the claims raised in the complaint. "[I]n order to qualify for the § 1915(g) imminent danger exception, a three-strikes prisoner must allege imminent danger of serious physical injury that is both fairly traceable to unlawful conduct alleged in his complaint and redressable by the court." *Ray v. Lara*, 31 F.4th 692, 701 (9th Cir. 2022). In the motion, Plaintiff alleges that he is in imminent threat of physical danger and harm because he is on a 1-hour watch program that requires him to report with staff every hour, and because he has been placed in a cell with inmate drug users who make sexual remarks and advances on cellmates. (ECF No. 3, pp. 3–4.) These allegations are wholly unrelated to Plaintiff's claims regarding COVID-19 outbreaks at the institution.

Accordingly, Plaintiff has failed to allege that he was in any imminent danger of serious physical injury at the time the complaint was filed. Plaintiff has not satisfied the exception from

the three strikes bar under 28 U.S.C. § 1915(g), and Plaintiff must pay the $402.00 filing fee if he wishes to litigate this action.

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that:

1. The motion to proceed *in forma pauperis*, (ECF No. 2), be DENIED, pursuant to 28 U.S.C. § 1915(g); and

2. Plaintiff be ORDERED to pay the $402.00 initial filing fee in full to proceed with this action.

\* \* \*

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **June 28, 2022**          /s/ *Barbara A. McAuliffe*
                                  UNITED STATES MAGISTRATE JUDGE

4